UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVID LEE MOORE,

        Plaintiff,

v.                              Case No. 3:08-cv-1035-J-34TEM

WALTER MCNEIL,
etc.; et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE[1]

Plaintiff, an inmate of the Florida penal system proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) pursuant to 42 U.S.C. § 1983. Thereafter, Plaintiff filed an Amended Complaint (Doc. #7), naming ten Defendants and complaining about an alleged assault upon him by officers on January 4, 2007. While service of process has been returned unexecuted as to seven Defendants, service of process has been executed as to Defendants McNeil, Curtis and Rhoden. See Docs. #14, #16, #25.

---

[1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically. However, it has been entered only to decide the matters addressed herein and is not intended for official publication or to serve as precedent.

This cause is now before the Court on Defendants McNeil, Curtis and Rhoden's Motion to Dismiss as a Sanction (Motion to Dismiss) (Doc. #29), filed January 8, 2010. Since Plaintiff is appearing pro se, the Court gave him an opportunity to respond to the motion and advised him that the granting of the motion would represent an adjudication of this case which may foreclose subsequent litigation on the matter. See Order of Special Appointment; Directing Service of Process Upon Defendants; Notice to Plaintiff (Doc. #13), filed October 15, 2009. On February 1, 2010, Plaintiff filed a Brief in Opposition to the Defendants' Motion to Dismiss (Opposition Brief) (Doc. #31) with exhibits (P. Ex.).

In the Motion to Dismiss, Defendants contend that this Court should sanction Plaintiff Moore for his failure to disclose at least six other federal filings. They argue that "[t]he message should be sent that the federal courts will not tolerate less than full disclosure and truthfulness." Motion to Dismiss at 4. In response, Plaintiff states that, in providing this Court with his previous case history, he utilized the previous case history set forth by the Magistrate Judge in Case No. 1:03-cv-81-SPM/AK. Opposition Brief at 2. Plaintiff asserts that he "has [done] the very best he could, with the assistance of the Magistrate Judge." Id. at 3. Plaintiff acknowledges that while "he may have made some errors," he has "never been particularly dishonest in these courts

in the past 35 years of incarceration." Id. at 5 (capitalization omitted). In conclusion, Plaintiff argues that this Court should not dismiss this action based upon the fact that Plaintiff relied upon a listing that he had received from the Magistrate Judge in Case No. 1:03-cv-81-SPM/AK. Id. at 6.

In reviewing Plaintiff's case history, it appears that Plaintiff made a good faith effort to provide a complete list to this Court. Therefore, this Court will deny Defendants' Motion to Dismiss as a Sanction. However, in reviewing Plaintiff's previous case history, this Court has become aware of three qualifying dismissals under 28 U.S.C. § 1915(g). On April 26, 1996, the President signed into law the Prison Litigation Reform Act, which amended 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In accordance with section 1915(g), the Court takes judicial notice of filings brought by Plaintiff in this Court that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) 3:96-

555-cv-99(S); (2) 1:03-cv-81-SPM/AK; and (3) the appeal of 3:96-659-cv-10 to the Eleventh Circuit, Appeal No. 96-3052, filed July 30, 1997.[2]  Because Plaintiff has had three qualifying dismissals and is not under imminent danger of serious physical injury, this action will be dismissed without prejudice.  Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  Defendants McNeil, Curtis and Rhoden's Motion for Extension of Time (Doc. #28) is **GRANTED,** and their Motion to Dismiss as a Sanction (Doc. #29) is accepted as timely filed.

2.  Defendants' Motion to Dismiss as a Sanction (Doc. #29) is **DENIED**.

3.  This case is hereby **DISMISSED** without prejudice to Plaintiff's right to initiate a new civil rights action by filing a new civil rights complaint form and paying the full $350.00 filing fee.

---

[2] The listing provided by the Magistrate Judge in Case No. 1:03-cv-81-SPM/AK contains Case No. 3:96-555-cv-99(S) and the appeal of Case No. 3:96-cv-659-10 to the Eleventh Circuit, Appeal No. 96-3052.  See Opposition Brief, P. Ex. A, Case No. 1:03-cv-81-SPM/AK, Order (Doc. #5), filed May 28, 2003, at 2.

4. The Clerk of the Court shall enter judgment dismissing this case without prejudice and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 4th day of March, 2010.

MARCIA MORALES HOWARD
United States District Judge

sc 3/4
c:
David Lee Moore